IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN THORNTON,<br><br>*Plaintiff,*<br><br>v.<br><br>PENN HILLS SCHOOL DISTRICT (PHSD) *and* MRS. ERIN L. VECCHIO, *President – Board of Directors,*<br><br>*Defendants.* | Civil Action No. 2:23-cv-2139<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Dawn Thornton ("Thornton") brings this action seeking equitable and monetary relief from Defendants Penn Hills School District ("School District") and Mrs. Erin L. Vecchio ("Vecchio"), President of the School District's Board of Directors, (collectively, "School Defendants") for alleged violations of Shyne Burke's ("Burke"), her adult son's, rights under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, and to a free appropriate public education ("FAPE"). (ECF No. 1, pp. 2-3).[1] Thornton's allegations arise from the School District's alleged mistreatment and neglect of Burke while he attended high school. (*Id.* at p. 3). Notably, Burke is not a named party in this case. Thornton admits that "he is now 20 years old and … out of [her] care." (ECF No. 8, p. 1). Thornton also seems to be

---

[1] Thornton seemingly also attempts to claim the Court has jurisdiction under *Brown v. Bd. of Educ.*, 347 U.S. 483 (1954) and 34 C.F.R. § 300.8. The Court, however, is unable to interpret her intent behind these assertions and does not derive jurisdiction from either of them. If Thornton's intent was to allege due process violations or deprivations of rights secured by the United States Constitution, then Thornton should have pled specific facts that demonstrate such conduct, notwithstanding the liberal pleading standard applicable to *pro se* litigants. Accordingly, the Court will grant School Defendants' Motion as to these claims as well.

1

seeking court intervention to search for Burke and place him in a rehabilitation facility.² School Defendants filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (the "Motion"), along with a supporting brief. (ECF Nos. 5 and 6). For the following reasons, School Defendants' Motion will be granted.

## I.   STANDARD OF REVIEW

### A.   *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). If a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). Even under this less stringent standard, a *pro se* complaint is still subject to dismissal. *Haines*, 404 U.S. at 520-21.

### B.   Rule 12(b)(6) Motions

A motion to dismiss filed under Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*

---

² The Court does not have the necessary authority to grant these requests.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although a court must accept the allegations in a complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

## II. FACTUAL ALLEGATIONS

At best, the factual allegations within Thornton's Complaint are sparse. From what the Court can gather, Burke is Thornton's adult son who attended high school in the School Defendants' district. (ECF No. 1, p. 2). At the beginning of high school, the School Defendants switched Burke to a new classroom setting that was chaotic and disorganized. (*Id.*). In the new classroom, Burke was surrounded by one or more classmates under house arrest. (*Id.*). After the

classroom switch, Burke became exposed to many "negative classroom actions," including community thefts, sexual violations, manipulation, brainwashing, drugs, and other illegal and criminal activities. (*Id.*). Consequently, Burke became involved with the Allegheny County Office of Children, Youth and Families, the Pennsylvania court system, and the Pennsylvania Department of Human Services. (*Id.*). Specifically, Thornton asserts that:

> Under federal regulations and Pennsylvania regulations of the Free Appropriate Public Education (FAPE) and the Individuals with Disabilities Education Act (IDEA), the Penn Hills School District (PHSD) broke the law. They neglected, then abandoned my son[,] their student, robbed him of his education at the start of High School, robbed him of his innocence while continuing to thrive and grow. The District threw him to the wolves[,] and they never looked back.

(*Id.* at p. 3).

At some point, Thornton and the School Defendants had a due process hearing. (*Id.* at p. 2). The Complaint, however, is unclear as to its conclusion and skips to "years later" to October 17, 2023, when she received a text message from Burke stating that he (1) shot someone with a weapon and (2) was about to become a dad for the second time. (*Id.* at p. 3).

Finally, the Complaint describes another encounter between Thornton and Burke that occurred on December 11, 2023. (*Id.*). In the middle of the night, Burke arrived at Thornton's home unannounced to pick up shoes and clothes. (*Id.*). Again, Burke reiterated to Thornton that he shot someone. Soon after, he left and headed "north." (*Id.*).

In the Complaint, Thornton requests equitable and monetary relief of $135,000,000 for herself and Burke, who is not a party to this action, for the years of pain, distress, sorrow, depression, guilt, shame, weeping, anxiety, mourning, and other emotions related to her son as a result of the School Defendants' actions. (*Id.*). Thornton also requests that the School Defendants pay for Burke's admission to a private in-patient alcohol and drug addiction treatment facility and for she and Burke to attend private therapy sessions. (*Id.*). In addition,

Thornton petitions the Court to (1) find Burke and order him to attend a private alcohol and drug addiction treatment facility; (2) prohibit Burke from having contact with dysfunctional family members; (3) order background checks on Burke's biological mother, father, and siblings; (4) extend her parental rights past Burke's twenty-first birthday; (5) extend his Individualized Education Program protections; (6) reinstate his adoption subsidy; (7) exonerate his criminal record and fingerprints; and (8) prohibit Nancy Hines, Eric Kostic, and Vecchio from entering the premises of the Penn Hills School District.[3] (*Id.* at p. 4).

In their brief in support, School Defendants provide additional facts to help fill in some gaps. As to the FAPE claim, School Defendants explain that Thornton had previously filed a due process complaint against the School District on Burke's behalf. (ECF No. 6, p. 13). On December 17, 2020, the hearing officer for the due process complaint rendered a decision in favor of Burke. (*Id.*). The School District appealed the hearing officer's decision to this Court at Docket No. 2:21-cv-00363-NR. (*Id.*). Three years later, the School District moved to voluntarily dismiss their case. (*Id.*). United States District Judge J. Nicholas Ranjan of the Western District of Pennsylvania granted its request on March 1, 2023. (*Id.*).

### III.   ANALYSIS

#### A. Thornton's claims under IDEA will be dismissed for failure to state a claim because they are untimely.

School Defendants argue that Thornton's claims should be dismissed for failure to exhaust administrative remedies. (*Id.*). IDEA is a statute that provides federal funding to states for the education of children with disabilities. *T.R. v. Sch. Dist. of Phila.*, 4 F.4th 179, 182-83 (3d Cir. 2021). In exchange for funding, a state commits to certain statutory conditions,

---

[3] Nancy Hines and Eric Kostic are not named parties to this action, nor are Burke's biological family members. Thus, the Court has no jurisdiction over them.

5

including providing a "free appropriate public education," or FAPE, to all eligible children. *Id.* at p. 183. Insofar that IDEA governs what a FAPE must substantively include, the procedural safeguards applicable to IDEA also apply to Thornton's FAPE claims. *See* 20 U.S.C. § 1415. Under IDEA, a party aggrieved by an adverse administrative determination may bring an action in "any State court of competent jurisdiction or a district court of the United States" within ninety (90) days of the final decision. 20 U.S.C. §§ 1415(i)(2)(A), 1415(i)(2)(B).

After a careful review of the allegations pleaded by Thornton and the parties' respective arguments, the Court finds that Thornton's claims under IDEA are untimely. Section § 1415(i)(2)(B) of IDEA makes it clear that the parties had ninety (90) days to appeal the hearing officer's decision related to Burke's due process hearing. To the best of the Court's understanding, that hearing occurred in December 2020, and only the School District appealed at Docket No. 2:21-cv-00363-NR. However, in February 2023, the School District voluntarily dismissed its action. Thus, Thornton's claims under IDEA on behalf of Burke are unquestionably outside of the timeframe in which she had to appeal. Consequently, the Court holds that her claims are untimely.

Even if Thornton's claims are not related to the 2020 due process hearing, the Court would still grant the School Defendants' Motion. First, IDEA does not extend to individual actors, and Thornton's claims against Vecchio fail under Rule 12(b)(6).[4] *See N.B. ex rel. M.D. v. Union Cty. Bd. of Educ.*, No. 22-0354, 2024 WL 165206, *1, *6 (D.N.J. Jan. 12, 2024). Second, as to Thornton's IDEA-related claims against the School District, she has failed to state a claim against it for which relief may be granted because she has not advanced allegations which are

---

[4] To clarify, IDEA claims may be brought under 42 U.S.C. § 1983 against state actors, such as Vecchio. Thornton, however, makes no mention of 42 U.S.C. § 1983 in her Complaint nor explains how Vecchio is a state actor.

plausible on their face. While Thornton's Complaint is entitled to a liberal construction, all parties must still adhere to the Federal Rules of Civil Procedure. *Henry v. Lane*, No. 16-cv-1239, 2017 WL 1383356, *1, *6 (W.D. Pa. April 18, 2017). Pursuant to Federal Rule of Civil Procedure Rule 8(a), plaintiffs are required to make a short and plain statement of their claims. FED. R. CIV. P. 8(a). Here, Thornton failed to provide the Court a short and plain statement of how the School District (and Vecchio) "neglected" and "abandoned" Burke or explain how any of her allegations relate to Burke's prior due process hearing, which appears to serve as the basis for her Complaint. Additionally, Thornton has failed to attach any documentation related to the prior due process hearing that is seemingly at issue. For these reasons, Thornton's Complaint against the School District and Vecchio will be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the aforementioned reasons, School Defendants' motion will be granted and all claims against School Defendants will be dismissed with prejudice. The appropriate orders will follow.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6/6/2024
Dated